**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF ILLINOIS**

| | | |
|---|---|---|
| STANLEY BOCLAIR, #A60451, | ) | |
| | ) | |
| Plaintiff, | ) | |
| vs. | ) | Case No. 21-0022-SPM |
| | ) | |
| ROB JEFFREYS, ROBERT MUELLER, | ) | |
| FRANK LAWRENCE, LLOYD HANNA, | ) | |
| REVA ENGALAGE, | ) | |
| JANE/JOHN DOE (Chief Engineer), and | ) | |
| JANE/JOHN DOE (Maintenance | ) | |
| Supervisor), | ) | |
| | ) | |
| Defendants. | ) | |

## MEMORANDUM AND ORDER

**McGLYNN, District Judge:**

Plaintiff Stanley Boclair, an inmate of the Illinois Department of Corrections ("IDOC") who is currently incarcerated at Menard Correctional Center ("Menard"), brings this civil action pursuant to 42 U.S.C. § 1983 for alleged violations of his constitutional rights. (Doc. 1). He asserts violations of the First and Eighth Amendments and seeks monetary damages.

This Complaint is now before the Court for preliminary review under 28 U.S.C. § 1915A, which requires the Court to screen prisoner Complaints to filter out nonmeritorious claims. 28 U.S.C. § 1915A(a). Any portion of the Complaint that is legally frivolous, malicious, fails to state a claim for relief, or requests money damages from an immune defendant must be dismissed. 28 U.S.C. § 1915A(b). At this juncture, the factual allegations of the pro se Complaint are to be liberally construed. *Rodriguez v. Plymouth Ambulance Serv.*, 577 F.3d 816, 821 (7th Cir. 2009).

### THE COMPLAINT

Plaintiff makes the following allegations in his Complaint (Doc. 1): In May, June, and July 2019, parts of Menard were flooded by high waters in the Mississippi River. Precautions were

1

taken in the last weeks of April 2019 including sandbagging and deployment of pumps. (Doc. 1, p. 10). Plaintiff asserts these steps demonstrate Defendants' awareness that the prison was in danger of flooding, which is a recurring seasonal event. *Id.*

By June 3, 2019, the prison's drinking water was discolored and had a "strong odor." The basement of Plaintiff's cellhouse was underwater and the lower gallery inmates were moved, but nothing was done about the drinking water. *Id.* By June 5, 2019, the "entire prison proper" was flooded and employees had to enter the prison on foot paths through a partially removed fence. (Doc. 1, p. 11).

Between June 3 and July 8, 2019, Dietary Manager Hanna and then-Warden Lawrence served Plaintiff rancid milk, green moldy bread, and hard boiled eggs for most meals, on trays contaminated with old food residue. (Doc. 1, p. 11).

On June 5, 2019, Plaintiff began vomiting and ran a mild fever. That same day, Defendants Jeffreys (IDOC Director), Mueller (IDOC Deputy Director), and Lawrence toured Plaintiff's cellblock; they rebuffed his attempt to complain about the water, inadequate food, and his symptoms. *Id.*

Plaintiff's symptoms, including high fever, blood in his stool, diarrhea, stomach cramps, and inability to keep down any liquids, continued until about July 3, 2019. He made repeated attempts to seek medical care from Nurse Engalage, submitting sick call slips and speaking to her personally, between June 10 and June 19, 2019. However, Engalage did nothing to get medical treatment for Plaintiff, in retaliation against him for having previously filed grievances against her. (Doc. 1, pp. 11-13). Plaintiff never received any medical attention for his illness.

Jeffreys, Mueller, and Lawrence toured the cellblock again on June 11, 2019. Plaintiff tried to tell them about his physical symptoms and the denial of medical care, but Jeffreys cut him off,

and the Defendants complained to Plaintiff about his cell being out of compliance. (Doc. 1, p. 12).

Plaintiff asserts the flooding and contaminated water exposed him to contagious noroviruses. (Doc. 1, p. 13). He claims that the John/Jane Doe Chief Engineer and the John/Jane Doe Maintenance Supervisor had "personal first hand knowledge" that Plaintiff's drinking water was compromised by the flooding but did nothing to "shore up typical deficient levels of fluoride" in the prison water supply to meet health standards.[1] (Doc. 1, pp. 13-14).

## DISCUSSION

Based on the allegations in the Complaint, the Court designates the following claims in this *pro se* action:

Count 1:    First Amendment retaliation claim against Engalage, for denying Plaintiff medical care between June 10-July 3, 2019, in retaliation for Plaintiff having filed grievances against her.

Count 2:    Eighth Amendment deliberate indifference to serious medical needs claim against Engalage, Jeffreys, Mueller, and Lawrence for failing to obtain medical care for Plaintiff's gastrointestinal symptoms between June 5-July 3, 2019.

Count 3:    Eighth Amendment deliberate indifference claim against Jeffreys, Mueller, Lawrence, Hanna, and the John/Jane Does for serving Plaintiff tainted food and failing to provide him with safe drinking water between June 3 and July 8, 2019.

The parties and the Court will use these designations in all future pleadings and orders, unless otherwise directed by a judicial officer of this Court. **Any other claim that is mentioned in the Complaint but not addressed in this Order should be considered dismissed without prejudice as inadequately pled under the *Twombly* pleading standard.**[2]

---

[1] The Court notes that fluoride is added to water supplies for the purpose of protecting against tooth decay, not for disinfecting against pathogens. *See* https://www.cdc.gov/fluoridation/basics/index.htm; U.S. National Center for Biotechnology Information, https://www.ncbi.nlm.nih.gov/books/NBK234590/ (last visited April 13, 2022).

[2] *See Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007) (an action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim that is plausible on its face.").

**Count 1**

Prison officials may not retaliate against inmates for filing grievances, lawsuits, or otherwise complaining about their conditions of confinement. *See, e.g.*, *Gomez v. Randle*, 680 F.3d 859, 866 (7th Cir. 2012); *Walker v. Thompson*, 288 F.3d 1005 (7th Cir. 2002); *DeWalt v. Carter*, 224 F.3d 607 (7th Cir. 2000); *Babcock v. White*, 102 F.3d 267 (7th Cir. 1996); *Cain v. Lane*, 857 F.2d 1139 (7th Cir. 1988). The issue in a retaliation claim is whether the plaintiff experienced an adverse action that would likely deter First Amendment activity in the future, and if the First Amendment activity was "at least a motivating factor" in the defendants' decision to take the retaliatory action. *See McKinley v. Schoenbeck*, 731 F. App'x 511, 515 (7th Cir. 2018) (quoting *Surita v. Hyde*, 665 F.3d 860, 878-79 (7th Cir. 2011)); *Bridges v. Gilbert*, 557 F.3d 541, 551 (7th Cir. 2009). "A complaint states a claim for retaliation when it sets forth 'a chronology of events from which retaliation may plausibly be inferred.'" *Zimmerman v. Tribble*, 226 F.3d 568, 573 (7th Cir. 2000) (citation omitted).

In this case, Plaintiff alleges that he had filed grievances against Engalage in the past, and she refused to get medical care for his vomiting, fever, and other symptoms in June 2019 in retaliation for those grievances. Count 1 survives review under § 1915A and will proceed for further consideration.

**Count 2**

Prison officials and medical staff violate the Eighth Amendment's prohibition against cruel and unusual punishment when they act with deliberate indifference to a prisoner's serious medical needs. *Rasho v. Elyea*, 856 F.3d 469, 475 (7th Cir. 2017). To state such a claim, a prisoner must plead facts and allegations suggesting that (1) he suffered from an objectively serious medical condition, and (2) the defendant acted with deliberate indifference to his medical needs. *Id.*

4

"[D]eliberate indifference may be found where an official knows about unconstitutional conduct and facilitates, approves, condones, or turns a blind eye to it." *Perez v. Fenoglio*, 792 F.3d 768, 781 (7th Cir. 2015).

Plaintiff's persistent gastrointestinal symptoms are indicative of an objectively serious medical condition. His allegations that he informed Engalage, Jeffreys, Mueller, and Lawrence of his condition but they failed to secure any medical treatment for him are sufficient for Plaintiff to proceed on the deliberate indifference claim in Count 2 against these four Defendants.

### Count 3

As with the medical deliberate indifference claim in Count 2, two elements are required to establish a violation of the Eighth Amendment's cruel and unusual punishments clause in a case involving conditions of confinement in a prison. First, an objective element requires a showing that the conditions deny the inmate "the minimal civilized measure of life's necessities," creating an excessive risk to the inmate's health or safety. *Farmer v. Brennan*, 511 U.S. 825, 834 (1994). Prison conditions that deprive inmates of basic human needs – food, medical care, sanitation, or physical safety – may violate the Eighth Amendment. *Rhodes v. Chapman*, 452 U.S. 337, 346 (1981).

The second requirement is a subjective element – establishing a defendant's culpable state of mind, which is deliberate indifference to a substantial risk of serious harm to the inmate from those conditions. *Farmer*, 511 U.S. at 837, 842. This standard is satisfied if the plaintiff shows that the prison official acted or failed to act despite the official's knowledge of a substantial risk of serious harm from the conditions. *Farmer*, 511 U.S. at 842.  It is well settled that mere negligence does not rise to the level of a constitutional violation. *See, e.g., Davidson v. Cannon*, 474 U.S. 344, 347-48 (1986).

Plaintiff alleges that he complained to Jeffreys, Mueller, and Lawrence about the tainted food and discolored, bad-smelling water, but they took no action. It is not clear whether Plaintiff brought the problem of spoiled food and unsanitary food trays to the attention of Dietary Manager Hanna at a time when Hanna might have rectified the situation. At this early stage, however, Count 3 will proceed against Jeffreys, Mueller, Lawrence, and Hanna.

Plaintiff's allegations against the John/Jane Doe Chief Engineer and Maintenance Supervisor do not support a deliberate indifference claim against these individuals. Plaintiff states these Defendants were responsible for maintenance and day to day operations at Menard and they "did nothing about the drinking water." (Doc. 1, pp. 3, 10). However, he does not allege that he complained to the John/Jane Does or otherwise made them aware of the condition of the water in his cell and presents no facts from which the Court may conclude that they possessed knowledge of a substantial risk of serious harm to Plaintiff from the allegedly contaminated water. Plaintiff essentially claims that the John/Jane Does failed to do their jobs – which at most would constitute negligence. As noted above, negligence does not amount to deliberate indifference. *See Gayton v. McCoy*, 593 F.3d 610 (7th Cir. 2010); *Pinkston v. Madry*, 440 F.3d 879, 889 (7th Cir. 2006). Accordingly, the John/Jane Doe Chief Engineer and Maintenance Supervisor will be dismissed from Count 3 and from the action because the Complaint fails to state a claim against them.

### PENDING MOTIONS

Plaintiff's Motion to Correct the Record (Doc 17) states that he was not seeking information on the status of his case in a previous motion (Doc. 15) but was requesting the court to conduct a merit review. This motion is **GRANTED** insofar as this Order completes the merit review of the case.

Plaintiff's Motion for Recruitment of Counsel (Doc. 18) is **DENIED** at this time without

prejudice. There is no constitutional or statutory right to counsel in federal civil cases. *Romanelli v. Suliene*, 615 F.3d 847, 851 (7th Cir. 2010); *see also Johnson v. Doughty*, 433 F.3d 1001, 1006 (7th Cir. 2006). In determining whether to recruit counsel, the Court considers two factors. *See Pruitt v. Mote*, 503 F.3d 647, 654 (7th Cir. 2007). Plaintiff's motion indicates that he may have satisfied the first element of making a reasonable attempt to obtain counsel; he wrote to several attorneys, but prison officials destroyed his copies of the letters requesting representation. (Doc. 18, pp. 1, 4, 6, 19). Looking at the second factor, however, it appears that Plaintiff is competent to litigate the case himself at this early stage. *See Navejar v. Iyiola*, 718 F.3d 692, 696 (7th Cir. 2013); *Santiago v. Walls*, 599 F.3d 749, 761 (7th Cir. 2010). He completed his GED, and his Complaint is well-organized, concise, and competently articulates his legal claims. Although the motion is denied at this juncture, Plaintiff may renew his request for counsel if necessary, as the case progresses.

**DISPOSITION**

The Complaint states colorable claims in Count 1 against Engalage; in Count 2 against Engalage, Jeffreys, Mueller, and Lawrence; and in Count 3 against Jeffreys, Mueller, Lawrence, and Hanna. These claims will proceed.

Defendants John/Jane Doe Chief Engineer and John/Jane Doe Maintenance Supervisor are **DISMISSED** without prejudice from Count 3 and from the action.

The Clerk shall prepare for Defendants Engalage, Jeffreys, Mueller, Lawrence, and Hanna: (1) Form 5 (Notice of a Lawsuit and Request to Waive Service of a Summons), and (2) Form 6 (Waiver of Service of Summons). The Clerk is **DIRECTED** to mail these forms, a copy of the Complaint, and this Memorandum and Order to each Defendant's place of employment as identified by Plaintiff. If a Defendant fails to sign and return the Waiver of Service of Summons (Form 6) to the Clerk within 30 days from the date the forms were sent, the Clerk shall take

appropriate steps to effect formal service on the Defendant, and the Court will require the Defendant to pay the full costs of formal service, to the extent authorized by the Federal Rules of Civil Procedure.

If a Defendant cannot be found at the work address provided by Plaintiff, the employer shall furnish the Clerk with the Defendant's current work address, or, if not known, the Defendant's last-known address. This information shall be used only for sending the forms as directed above or for formally effecting service. Any documentation of the address shall be retained only by the Clerk and shall not be maintained in the court file or disclosed by the Clerk.

Defendants are **ORDERED** to timely file an appropriate responsive pleading to the Complaint and shall not waive filing a reply pursuant to 42 U.S.C. § 1997e(g). **Pursuant to Administrative Order No. 244, Defendants need only respond to the issues stated in this Merit Review Order**.

Plaintiff is **ADVISED** that if judgment is rendered against him and the judgment includes the payment of costs under 28 U.S.C. §1915, he will be required to pay the full amount of the costs.

Plaintiff is further **ADVISED** that he is under a continuing obligation to keep the Clerk of Court and the opposing parties informed of any change in his address; the Court will not independently investigate his whereabouts. This shall be done in writing and not later than **7 days** after a transfer or other change in address occurs. Failure to comply with this order will cause a delay in the transmission of court documents and may result in dismissal of this action for want of prosecution. *See* FED. R. CIV. P. 41(b).

Finally, based on the allegations in the Complaint, the Clerk of Court is **DIRECTED** to **ENTER** the standard qualified protective order pursuant to the Health Insurance Portability and

8

Accountability Act.

**IT IS SO ORDERED.**

**DATED:  April 14, 2022**

*s/ Stephen P. McGlynn*
**STEPHEN P. McGLYNN**
**United States District Judge**


### NOTICE TO PLAINTIFF

The Court will take the necessary steps to notify the appropriate defendants of your lawsuit and serve them with a copy of your Complaint. After service has been achieved, the defendants will enter an appearance and file an Answer to your Complaint. It will likely take at least **60 days** from the date of this Order to receive the defendants' Answer, but it is entirely possible that it will take **90 days** or more. When all the defendants have filed Answers, the Court will enter a Scheduling Order containing important information on deadlines, discovery, and procedures. Plaintiff is advised to wait until counsel has appeared for the defendants before filing any motions, to give the defendants notice and an opportunity to respond to those motions. Motions filed before defendants' counsel has filed an appearance will generally be denied as premature. **Plaintiff need not submit any evidence to the Court at this time, unless specifically directed to do so**.